LANSING *against* CAPRON AND OTHERS.

Where a mortgage is given to secure a sum, payable in instalments, with in-
terest, and, on default in payment of the first instalment, a bill is filed by
the mortgagee, the defendant will not be allowed to stay proceedings, on
bringing into court the principal and interest due, with the costs which had
accrued, unless he also put in an *answer*, confessing the debt, &c. or con-
sent to a decree of foreclosure, to remain subject to the further order of
the court upon a subsequent default.

And *it seems*, that, in such case, if the subsequent instalments are punctually
paid, the defendant will not be charged with the further *costs*.

THE bill, which was filed the 30th of *October*, 1815,
stated, that the defendant, *Capron*, on the 30th of *September*,
1813, *mortgaged* to the defendants, *Lockwood* and *M'Pher-
son*, certain lots of land in *Albany*, to secure the payment of
1,890 dollars, being the consideration money for the pur-
chase of the lots of them, on that day; the amount was to
be paid in three instalments, of 630 dollars each, with inter-
est, on the 30th of *September*, 1814, the 30th of *September*,
1815, and the 30th of *September*, 1816, the interest to be
paid annually. That the mortgage contained a power of
sale, and was registered the 29th of *October*, 1813. That the
defendant, *Lockwood*, on the 8th of *April*, 1815, assigned
over all his interest in the mortgage to *M'Pherson*, who
assigned over the mortgage to the plaintiff, for 1,318 dollars
and 82 cents. That *Capron* omitted to pay the principal
and interest that became due, so that the estate of the plain-
tiff became absolute at law; and he prayed that the princi-
pal and interest due, and to become due, might be decreed to
be paid, with costs, or that the property mortgaged should
be sold, &c.

*J. V. N. Yates*, in behalf of *S. Stafford*, the assignee of
the mortgagor, now moved that the proceedings on the part

of the plaintiff be stayed, on paying into court the instal-
ments due, with the interest and costs. He admitted that
the defendants had not appeared or answered. The affida-
vit of *Stafford* was read, stating that he was the owner of
the equity of redemption, and that only one instalment was
due, with interest, which he was ready to pay, with interest
and costs.

The counsel cited the act for the amendment of the law,
1 *N. R. L.* 515. sess. 36. ch. 56. s. 6. *Stra.* 515. 814.
957. 1 *Atk.* 518. 2 *Wm. Bl.* 906. *Barnes,* 288. *Tidd's
Pr.* 485, 486. 6 *Term. Rep.* 399.

*J. V. Henry,* contra, contended, that the plaintiff was en-
titled to an answer, and a decree of foreclosure, to be en-
tered at the expense of the defendants, or of the party en-
titled to redeem, and to remain as a security against future
defaults.

THE CHANCELLOR. It appears from the anthorities cited
on the part of the defendants, to be settled in the courts of
law, that in an action of debt upon a bond, with a penalty for
the payment of money by instalments, when only part of the
instalments are due, the defendants may bring into court the
money, with the costs accrued. This is held to be within
the equity, though it is not within the letter, of the statute of
4 *Ann.* ch. 16., and from which our act was taken. That
statute relates to the bringing in the *whole* amount of the con-
dition of the bond pending the action, so that the bond may be
discharged. But in those cases the permission is upon terms,
by allowing the plaintiff to enter judgment for the penalty, to
stand as a security for the future instalments. The reason
assigned for this permission to the plaintiff is, that the bond
is forfeited, and become absolute at law, and the plaintiff is
entitled to the benefit of that legal advantage so far as to take
judgment for the penalty, to stand as a further security ; and
because it is not reasonable that the obligee should be put to
a new action for every fresh default. The principle, at law,

has considerable, though not entire, application to this case. There is no need of the entry of a decree of foreclosure to give security to the debt, for the lien subsists, and its value is increased, by every payment. But, on the other hand, the institution of new suits in this court, on every default, is more expensive, and may be difficult, by the change of parties, in relation to the fund; and it is the policy of this court to prevent multiplicity of suits. It is, therefore, reasonable, since the plaintiff has been put to his suit to recover the instalment due, that the party applying should put in an answer, confessing the debt, or consent to a decree of foreclosure, to remain subject to the order of the court upon a subsequent default; and that the question of costs, on taking such a decree, be subject to the like order. If the future instalments be punctually paid, I shall, probably, not charge the defendants with the further costs.

I shall, therefore, order, that the party applying have leave to bring into court the principal and interest now due, together with the costs hitherto accrued, on his enabling the plaintiff, by answer or consent, to take a decree of foreclosure on the terms aforesaid.