DANIEL P. BARNARD et al., Respondents, *v.* HORATIO G. ONDERDONK, Impleaded, etc., Appellant.

In an action for partition, O., the holder of a mortgage on the premises, was made a party defendant ; the lien of his mortgage being questioned, he answered alleging it to be a valid and subsisting lien, and asked that the premises be declared subject thereto, or that it be paid out of the proceeds of sale if a sale is decreed. O. appeared and took part in the trial. An interlocutory judgment was rendered, adjudging that the mortgage was not a valid lien. *Held*, that as O. had, without objection, thus submitted his rights to the court, and sought to have them enforced, conceding he could not have been compelled thus to litigate them (as to which *quære*), he could not raise the objection on appeal; and this, although

he asked the trial court to find as a conclusion of law that no affirmative relief could be given against him in that form of action.

A judgment of foreclosure and sale in a foreclosure suit brought under the Revised Statutes (2 R. S. 191, § 151) is not a merger of the debt, it is simply a means of enforcing the lien of the mortgage, which remains until the debt is paid or discharged; the lien therefore is, notwithstanding the decree, subject to be defeated by the presumption of payment founded on lapse of time, the same as if no decree had been rendered.

If, however, it be held that by virtue of the decree a new security is given, the same presumption of payment arises after the lapse of twenty years without an attempt to enforce the decree by a sale.

After a judgment of foreclosure and sale, the owner of the equity of redemption executed another mortgage upon the premises as collateral to the judgment. *Held*, conceding that by stipulations in said mortgage enforcement of the judgment by sale was stayed for ten years, after the lapse of the ten years, and of twenty years thereafter, the lien of the judgment and of the new mortgage were lost and the enforcement of either was barred; and this, whether the question was considered under the limitation prescribed by the Revised Statutes (2 R. S. 295, § 90), or the Code of Procedure (§ 90), or the Code of Civil Procedure (§ 381).

Also *held*, that neither the provision of the Revised Statutes (2 R. S. 301, § 47), nor that of the Code of Civil Procedure (§ 376), raising a presumption of payment after twenty years of a judgment or decree governed the case of a foreclosure judgment, as it is not for the payment of any sum of money, such judgment only being authorized, in case of a deficiency after a sale.

(Argued December 8, 1884; decided February 10, 1885.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made September 26, 1882, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

This was a partition suit. An interlocutory judgment was rendered therein declaring that a certain mortgage and decree of foreclosure belonging to the defendant Onderdonk were, by force of the statute of limitations, presumed to be paid, and therefore not a lien on the premises in question. The complaint, after setting out the mortgage and decree, averred that by virtue of them Onderdonk claimed to have a lien upon the entire property, of the validity of which the plaintiffs were

ignorant, but believed both to be actually or presumptively paid, and, among other things, demanded judgment that his lien be ascertained and declared.

John T. Barnard, a co-defendant, answered and averred that the alleged liens of Onderdonk had been "actually and presumptively paid, and each of them barred by the statute of limitations," and demanded judgment that "he be adjudged to have no right, share, interest or lien in or to the premises described in the complaint."

This answer was served on the defendant Onderdonk on the 21st of July, 1881, and on the 31st of August he answered, setting out his mortgage and judgment of foreclosure, and denied "that the judgment has been paid or otherwise extinguished," and alleges "that it is now a valid and subsisting lien on the said premises, and asks that the same be declared subject to said judgment, or that the said judgment be first paid out of the proceeds of the sale in this action, if any there shall be." He also set out another mortgage on the same premises, dated April 18, 1850, as collateral to the judgment, and "asks that the said premises may be declared subject to said mortgage, or that said mortgage be first paid out of the proceeds of the sale of said premises, if the same shall be sold under the decree in this action."

The plaintiffs replied to the answer of Onderdonk that the judgment might have been enforced by mandate or sale of the mortgaged premises on the 29th day of April, 1848, and that twenty years have expired since the plaintiff therein and her assigns were first entitled to enforce it, whereby and by force of the statute, in such case made and provided, the said judgment is presumed to be paid and satisfied, and, as to the mortgage of 1850, say that no action upon the mortgage therein set forth was brought within twenty years after the cause of action upon said mortgage accrued to the said defendant.

The issues raised by these answers and the reply came on for trial at a Special Term, and, among others, defendant Onderdonk appeared and took part in the trial. The plaintiffs proved title in themselves and John T. Barnard as set out in the com-

plaint originating in 1853 and derived from Tunis T. Cowenhoven. The defendant Onderdonk then put in evidence a decree, rendered April 29, 1848, of foreclosure of the mortgage described in his answer from said Tunis T. Cowenhoven, directing a sale of the premises, and, from the proceeds, payment of the amount reported due on the mortgage, and, if insufficient for that purpose, that the said Cowenhoven, who is in the decree declared to be "personally liable for the payment of the debt secured by the mortgage, pay to the plaintiffs the amount of such deficiency." He also put in evidence the mortgage of 1850, set out in the pleadings. The defendant Barnard then proved that he was in possession of the premises at the commencement of the action, and counsel for Onderdonk stated to the court that he had no other evidence to put in, adding, "there is no issue of fact; it is an issue of law."

The trial judge found that, on the 15th day of February, 1847, one Tunis T. Cowenhoven and wife executed a mortgage to one Catherine Bowne covering the land described in the complaint in this action; that said mortgage was duly foreclosed, and that on the 29th day of April, 1848, a judgment or decree of foreclosure, in the usual form, was entered in favor of the said Catherine Bowne, and against the said Tunis T. Cowenhoven and others, directing the sheriff of the county of Kings to sell the mortgaged premises at public sale, and to pay the mortgage debt from the proceeds of such sale, and that, on the 17th day of April, 1850, said judgment and mortgage were duly assigned to the defendant, Horatio G. Onderdonk; that at the time of the commencement of this action he, Onderdonk, claimed to have a lien upon the entire property in said premises as such creditor and assignee; that more than twenty years have elapsed from the time of signing and filing such judgment; that no proof has been made of payment of said judgment or any part of the amount recovered thereby, within twenty years before the commencement of this action, or of written acknowledgment of indebtedness made within twenty years of some part of the amount recovered by such judgment; that the defendant, Onderdonk, claimed to

have another lien upon the entire property in the said premises as a creditor by virtue of the mortgage of 1850; that more than twenty years have expired from the time a right of action has accrued upon said last-mentioned mortgage, and that no action has been commenced thereon, and that no proof has been made of payment of any part of such right of action within that period, or of a written acknowledgment of such right of action within that period." And as conclusion of law: That the mortgage aforesaid, dated February 15, 1847, was merged in the judgment aforesaid, recorded April 29, 1848, and that the said judgment is conclusively paid and satisfied and that the same is not a valid or subsisting lien on the said premises, or any part thereof. Second, that the mortgage aforesaid, dated April 18, 1850, is not a valid or subsisting lien upon the said premises; no action was commenced thereon within twenty years after the cause of action had accrued," and directed interlocutory judgment, that the said Onderdonk is not entitled to any right, title, or interest in the premises described in the said complaint, or any part thereof, or in the proceeds of any sale thereof.

Subsequently the plaintiffs had final judgment for actual partition of the premises.

*Esek Cowen* for appellant. Under the Code of Civil Procedure a defendant in an action of partition controverting the title or interest of a co-defendant must serve such co-defendant with a copy of his answer. (Code of Civ. Pro., § 1543.) The statute of limitations must be used " as a shield and not as a sword;" it does not destroy the debt, but merely bars the remedy, and the debtor cannot make the statute a ground for affirmative relief, but must wait till the creditor attempts to enforce his claim. (*Waltermire* v. *Westover*, 14 N. Y. 16; *Morey* v. *Trust Co.*, id. 302; *Lawrence* v. *Ball*, id. 477; *Johnson* v. *A. & S. R. R. Co.*, 54 id. 416.) The common-law presumption of payment is a presumption of fact to go to the jury or court with all the other circumstances as a question of fact. (*Bean* v. *Tonnele*, 94 N. Y. 381.)

*D. P. Barnard* for respondents.   This action was properly brought. (Code of Civ. Pro., §§ 1532, 1539–1543 ; 2 R. S. 318, §§ 10, 42, 43, 62 ; *Dunham* v. *Minard,* 4 Paige, 441 ; Rule 178, Court of Chancery ; *Halstead* v. *Halstead,* 55 N. Y. 442.)   The mortgage held by defendant Onderdonk was barred by the statute of limitations and cannot be interposed as a defense.   (Code of Civ. Pro., §§ 380, 381, 397.)   The judgment on its face shows that it is for the recovery of money ; it is rendered against the persons who are the defendants, and establishes the existence of a debt and directs its payment to the extent of a judgment over for any deficiency, after the sale of the specific property pledged for the debt, and such a judgment effectually merges in itself the bond and mortgage so that no subsequent action can be brought thereon. (*Johnson* v. *Everett,* 9 Paige, 632 ; *Mills* v. *Hoag,* 7 id. 18 ; *Morris* v. *Morange,* 38 N. Y. 172 ; 5 Wait's Prac. 189 ; *Gardner* v. *Heartt,* 3 Denio, 232 ; *Hubbell* v. *Moulson,* 53 N. Y. 225 ; *Reformed Church of Gallupville* v. *Schoolcraft,* 65 id. 134, 149 ; *Loder* v. *Hatfield,* 71 id. 92 ; *N. Y. L. Ins. & T. Co.* v. *Covert,* 6 Abb. Pr. [N. S.] 154 ; *Union Dime Savings Institution* v. *Anderson,* 83 N. Y. 174.)

DANFORTH, J.   The questions presented on this appeal relate to the decision of the General Term affirming the interlocutory judgment above mentioned.   In the view we take of those questions it is not material to inquire what consequences would have followed if Onderdonk had remained silent in this action, or when pressed by the plaintiff or his co-defendant, had contented himself with a simple denial of their allegations. He did neither.   Of two courses he made his election.   He became an actor in the proceedings, and by answer asked affirmative relief.   Having in mind that the judgment might be either for an actual partition of the land itself, or for a sale of the land and a division of its proceeds, he contemplates both and avers that his judgment is a valid and subsisting lien on the premises, and in order to enforce his claims asks, first, that the premises be declared subject to said judgment, or second, that

it be paid out of the proceeds of the sale in this action, if any there be. He asks the same as to his mortgage of 1850. Consistently with the position taken by the pleadings, he put in evidence at the trial his decree of foreclosure, and the mortgage to which it related; also the mortgage of 1850, given as collateral to the decree and mortgage last mentioned, and requested the court to find they were not paid or barred by the statute of limitations, and to compute the amount due; that the sale should be subject to them, or their amount be first paid out of the proceeds of the partition sale. Upon each of these propositions the court. was against him, and we are un-. able to perceive how, having taken the chance of a favorable decision, he can successfully contend that the court had nothing to do with the question of the validity of those apparent liens.

In the recent case of *Jordan* v. *Van Epps* (85 N. Y. 427), the plaintiff claimed to recover a dower interest in land; the defendant made title under a sale by virtue of a judgment in partition, to which the plaintiff was a party. She objected that her claim was prior to the rights involved in the partition suit, and therefore was not affected. Answering this point, and referring to the cases cited in its support, the court say in substance that none of them hold, and it is not decided, that in an action for the partition of land such a right cannot be made the subject of adjudication, although it related to the title prior to that acquired by the tenants in common, when no such defense is interposed and the objection is not taken. Nor does the appellant's case differ from the one supposed, because after the trial he asked the court to find, among other conclusions of law, " that in any view of the case, the plaintiff cannot have, nor can any defendant have in this form of action, affirmative relief against the defendant Onderdonk, on the ground that the said judgment and mortgage, or either of them, are barred by the statute of limitations."

The court had jurisdiction over the parties, and the defendant without protest had submitted his rights under the decree and mortgage to its adjudication. It may be that he could not have been compelled to bring them into court. This question

we do not decide. He voluntarily presented and sought to have them enforced.

In the next place, we think the relief given by the trial court was warranted by the case as presented. The foreclosure was in equity. Its object was to enforce the mortgage lien, and its effect was to fix conclusively the amount due upon the debt, which was its sole foundation. It did not create a new one; and the power of the court in the proceeding was limited to a decree for the sale of the mortgaged premises, or such part thereof as might be sufficient to discharge the amount due on the mortgage, and the costs of suit. (2 R. S. 191, § 151.) The proceeds of such sale could under the statute (*supra*, p. 192, § 159), "be applied" only "to the discharge of the debt so adjudged to be due, and the costs." The mortgage was not extinguished, and notwithstanding the decree, the rights and liabilities of the mortgagor continued under the statute (*supra*) to be measured by the obligations stated in the mortgage, until final payment. When the whole amount is not due the decree remains by the very language of the statute, "as security" (§ 163, p. 193) "for any default subsequent thereto in the payment of any portion or installment of the principal, or of any interest due upon such mortgage," and it provides that a sale may be ordered for its payment, and so as often as a default shall happen. Until the bond or debt, to secure which the mortgage was given, is fully paid by the execution of the decree, or otherwise, the mortgagor cannot require the bond and mortgage to be returned to him, or canceled. (*In re Costar*, 2 Johns. Ch. 502.)

The debt upon the bond then is secured by the mortgage and also by the decree. Yet by this double security it is not placed on any different footing from a debt due upon bond and mortgage. The entering of a decree of foreclosure is not necessary to give security to the debt, for the lien subsists. (*Lansing* v. *Capron*, 1 Johns. Ch. 617.) The decree is a means only of enforcing the lien of the mortgage and so rendering it available. (*Bucklin* v. *Bucklin*, 1 Abb. Ct. of App. Dec. 242.) That lien remains until the debt is paid or discharged. Neither

the foreclosure suit nor the decree affects that, nor does either impair the mortgagor's right to redeem. That right remains the same after decree and until an actual sale of the mortgaged premises under it. (*Brown* v. *Frost*, 10 Paige, 243). So, notwithstanding the decree, the lien is liable to be defeated by the same presumption founded upon lapse of time. If the mortgage stands alone, without payment or proceedings to enforce it for twenty years, the presumption of payment accrues. If by virtue of foreclosure a new "security" has been taken, the same policy will, under the same circumstances, raise the same presumption. Upon this principle it has been held that where there had been a foreclosure sale, not followed by a conveyance to the purchaser, or any recognition of the mortgage by the mortgage debtor, it will be presumed after the lapse of twenty years that the land had been redeemed from such sale. (*Reynolds* v. *Dishon*, 3 Bradw. [Ill.] 173.)

The mortgage here, of which Onderdonk was the assignee, matured so as to be the cause of action in foreclosure, and judgment was obtained on the 29th of April, 1848. Conceding that by stipulations in the mortgage of 1850, enforcement by sale was stayed for ten years, he was at liberty to proceed upon the decree and also on that mortgage in 1860. This action was commenced in July, 1881, and the defendant Onderdonk thereafter, and not before, set up his judgment and mortgage. This was more than twenty years after the cause of action under any construction accrued, and a recovery upon either is barred whether the question is considered under the limitation prescribed by the Revised Statutes (Title 2, part III, chap. 3, 2 R. S. 295, § 90), or the Code of Procedure (Laws of 1848, chap. 438, § 90), or the Code of Civil Procedure (§ 381). No proof was given to take either claim out of the operation of the statute. The policy of the law and substantial justice required that judgment should be given against them.

It is not necessary to determine whether the provision of the Revised Statutes (2nd vol., part 3, chap. 4, tit. 2, § 47), as the respondent claims, or those of the Code of Procedure (§ 376),

would, if otherwise applicable, govern this case, for we think it is not within the intent or scope of either. The action for foreclosure has indeed resulted in a decree, but it is merely for the purpose of enforcing the lien of the mortgage as by a special execution. It is not for the payment of any sum of money, nor can it be docketed. If after sale there should appear to be a deficiency, it may, when other steps have been taken, be made a personal judgment. Until then it is *inchoate*. Such is its present condition. As it now stands no " amount of money " (in the language of the Revised Statutes, § 47, *supra*), can be said " to be recovered by it," nor is it " a final judgment or decree for a sum of money," nor does it direct " the payment of a sum of money," as under section 376 of the Code of Procedure. It is final so far as it directs " the sale of the property mortgaged," and the application of the proceeds (§ 1626), but beyond that, all depends upon a contingency. The decree requires the sheriff to specify the amount of the deficiency, if any, and on the confirmation of his report, the defendant named " pay the amount of such deficiency." As to this, other proceedings are required, and the judgment or decree is not final, so that the statute would run against it. It depends upon an order to be made after sale.

For the reasons before stated, the judgment should be affirmed.

MILLER, EARL and FINCH, JJ., concur; RUGER, Ch. J., RAPALLO and ANDREWS, JJ., dissent.

Judgment affirmed.