SHEPHERD F. KNAPP, Receiver, etc., Plaintiff, v. JAMES VAN ETTEN and Another, Defendants.

*Undertaking on appeal from a judgment of foreclosure and sale — deficiency arising on a subsequent sale, when not covered thereby.*

In an action brought against the sureties upon an undertaking given on an appeal from a judgment in an action brought for the foreclosure of a mortgage, it appeared that the judgment was affirmed on appeal, and that thereafter, on a sale of the mortgaged premises, there arose a deficiency, which the plaintiff claimed to recover against the sureties in the undertaking, in addition to the value of the use and occupation of the premises, and interest and costs on appeal.

The court limited the recovery to the use and occupation and costs. The undertaking complied in part with section 335, and in part with section 338 of the Code of Procedure, but contained no express agreement on the part of the sureties for the payment of any deficiency arising upon the sale of the mortgaged property.

*Held,* that the fact that the undertaking provided that if the judgment appealed from should be affirmed the appellant would pay the amount directed to be paid by the judgment, did not render the sureties liable for the amount of the deficiency arising upon the subsequent sale of the mortgaged premises, as such amount was not directed to be paid by the judgment appealed from inasmuch as it could not be ascertained until after the sale of the mortgaged premises.

*Post* v. *Doremus* (60 N. Y., 371); *Goodwin* v. *Bunzl* (102 id., 224); *Carr* v. *Sterling* (114 id., 558); *Gerould* v. *Wilson* (81 id., 573); *Chamberlain* v. *Applegate* (2 Hun, 510) distinguished.

The provision of section 335 of the Code of Procedure were intended to include only those cases where a specific or certain sum of money is directed to be paid or recovered by the judgment.

*Barnard* v. *Onderdonk* (98 N. Y., 158), followed.

Exceptions ordered to be heard in the first instance at the General Term, after a trial at the New York Circuit before the court and a jury, by which a verdict was rendered in favor of the plaintiff for $1,609.90.

*Alexander Cameron,* for the plaintiff.

*Everett P. Wheeler* and *Homer A. Nelson,* for the defendants.

Daniels, J. :

The action was brought upon an undertaking executed by the defendants upon an appeal, taken to the General Term, from a judgment in an action for the foreclosure of a mortgage and the sale of

the mortgaged premises. The judgment was affirmed, and after the sale had taken place and the application of the proceeds to the payment of the expenses, and so much of the residue as remained to the payment of the mortgaged debt, there remained a deficiency of $27,193.08. This deficiency, with interest upon it, the plaintiff claimed to recover against the sureties in the undertaking, in addition to the sum of $1,609.90, for the use and occupation of the premises, and interest and costs on the appeal in the action in which the undertaking was given. The court limited the recovery by the plaintiff to this sum of $1,609.90, and directed a verdict for that amount. Before this direction was given the plaintiff's counsel requested the court to instruct the jury to find a verdict for the deficiency in addition to the sum for which the verdict was directed. That the court declined to do, and an exception was taken to that refusal. And it is upon that exception, and another to a similar effect, that the plaintiff has made this motion for a new trial.

The judgment was in the ordinary form for the foreclosure of the mortgage and a sale of the mortgaged property. And it contained the direction " that if the proceeds of said sale be insufficient to pay the amount so adjudged due to the plaintiff, with the interest and costs as aforesaid, the said referee specify the amount of such deficiency in his report of sale, and that the defendant Philip J. Bonesteel pay the same to the plaintiff." It was further adjudged that there was due and owing to the plaintiff in that action the sum of $33,261.56. And the referee by whom the sale was to be made was directed to pay this sum of money, with interest upon it from March 11, 1874, or so much as the purchase-money of the premises would pay out of the proceeds of the sale. And that direction was so far complied with as the proceeds permitted it to be done. But after paying what was directed by the judgment in the way of expenses and upon the mortgage debt, there remained still the deficiency already mentioned.

The appeal was taken from the judgment in the foreclosure action in 1874, and the sureties in the undertaking undertook " that the said appellants will pay all costs and damages which may be awarded against them on said appeal, not exceeding five hundred dollars, and do undertake that during the possession of the said property by the appellants he will not commit or suffer to be com-

mitted any waste thereon ; and that if the said judgment so appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against said appellants on the said appeal ; and that if the judgment be affirmed, he will pay the value of the use and occupation of said property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment, not exceeding the sum of one thousand dollars, which amount is so fixed by the judge approving this undertaking." From this statement of the obligation of the defendants, the undertaking appears to have been given to comply in part with section 335 and in part with section 338 of the Code of Procedure. But it contained no express agreement or undertaking on the part of the defendants for the payment of any deficiency arising upon the sale of the mortgaged property. And for that reason it was considered at the trial that the defendants incurred no liability for the deficiency.

By so much of the undertaking as was given under the authority of section 335 of the Code of Procedure, the defendants agreed and undertook that if the judgment appealed from, or any part of it, should be affirmed, or the appeal should be dismissed, the appellant would pay the amount directed to be paid by the judgment, or the part to which it should be affirmed, if affirmed only in part, and all damages which should be awarded against the appellant upon the appeal. But there was no amount recovered or directed to be paid by the judgment otherwise than from the proceeds of the sale of the premises, neither were any damages awarded against the defendant in the action on the appeal. This provision of the Code was clearly not designed to impose a liability upon the sureties giving an undertaking in compliance with it, for the payment of a deficiency arising upon the sale of property in an action for the foreclosure of a mortgage. But the liability which is expressed by it, and was intended to be placed upon the sureties in the undertaking, was for the payment of the amount directed to be paid by the judgment as a final and ultimate adjudication. It was intended to include that class of cases, and only those, where a specific or certain sum of money was directed to be paid or recovered by the judgment. And so

much of the undertaking as was given to comply with this section of the Code was inoperative in the action, unless it might possibly include the amount recovered for costs and disbursements. In *Barnard* v. *Onderdonk* (98 N. Y., 158), a judgment or decree recovered in an action for the foreclosure of a mortgage was considered not to be within this part of this section of the Code. And it was there held that the judgment was not for the payment of any sum of money, and that it could only be made a personal judgment by other proceedings following the sale of the property and the application of its proceeds. That no amount of money was recovered by it, nor does it direct the payment of any sum of money. Id., 166, 167.)

At the time when the appeal was taken, and the undertaking was given, no deficiency whatever was or could have been adjudged to exist in the action. And there, accordingly, could be no adjudication or direction for the payment of any sum of money which should finally appear to be left unpaid after the application of the proceeds of the sale of the property. There was no sum of money adjudged or directed to be paid by the judgment because of any deficiency. Neither could that be ascertained until the property was sold and its proceeds applied as the judgment directed that to be done. And that the undertaking given, under this section of the Code, was not intended to include a deficiency in a foreclosure suit is confirmed by the latter part of section 338. For that has provided, upon an appeal from a foreclosure judgment to obtain a stay of proceedings, that the sureties should undertake and bind themselves for the payment of a deficiency arising from the sale of the property. And this provision would not have been made a part of the section if an undertaking under section 335 had been designed, or was to be construed to provide for such a payment. Section 335 was in no manner adapted to an appeal from the foreclosure judgment. But that was regulated and provided for by section 338, which declared what the form of the undertaking should be. And the undertaking in this instance failed to comply with that direction so far as it included a possible or probable deficiency remaining after the application of the proceeds of the sale. Neither by the language of the undertaking itself, nor the application of these sections to the action, was any liability incurred on behalf of the defendants to make payment of this deficiency. They entered into the obligations assumed by them

as sureties, and the extent of their liability is to be determined by the language which was employed. ( *Wood* v. *Fisk,* 63 N. Y., 245.)

In the cases of *Post* v. *Doremus* (60 N. Y., 371); *Goodwin* v. *Bunzl* (102 id., 224); *Carr* v. *Sterling* (114 id., 558), and *Gerould* v. *Wilson* (81 id., 573), the undertaking or contract entered into was expressed in language so broad, declaratory of the liability of the sureties, as to include that which they were held to have respectively assumed. And there was, therefore, no impropriety in holding the extent of liability to be that which was enforced against them in those cases. But they are distinguishable from the present action in the important circumstance that these defendants employed no language whatever in their undertaking which, expressly or by fair implication, can be held to include an obligation for the payment of this deficiency. In *Chamberlain* v. *Applegate* (2 Hun, 510) the judgment did provide for the amount which the plaintiff was found entitled to recover. And it was, in effect, recovered by the judgment. And then a sale of the premises included in the contract, directed to be specifically performed, was required to be made and the proceeds applied upon that judgment. The right of the plaintiff there, so far as the judgment included the debt, was fixed and absolute. It required no further proceeding or adjudication to ascertain the debt or amount finally remaining unpaid. While in this action that could only be done upon further proceedings being taken on the basis of the report of the referee after the sale. The undertaking there was given under section 335 of the Code of Procedure, and the judgment being for the recovery of money, it was held to be within the undertaking. But that is not this case; for here no sum of money, certainly beyond the costs, was definitely recovered by the judgment in the foreclosure action against the defendant; and as the court at the trial appears to have been right in the direction which was given, the exceptions should be overruled and the motion for a new trial denied, with costs to the defendants, and the plaintiff have judgment on the verdict rendered by the jury.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Exceptions overruled and the motion for a new trial denied, with costs to the defendants, the plaintiff to have judgment on the verdict rendered by the jury.