MARY B. NICHOLS *vs.* ERASTUS MUNSEL & wife.

Franklin. September 15, 1874. WELLS & MORTON, JJ., absent.

The burden of proof is on the demandant in dower to show that she is the lawful widow of the deceased, and it is not shifted by the establishment of a *primâ facie* case.

It is within the discretion of a judge presiding at a trial, to recall the jury after they have retired, and to restate the law and evidence to them, although the jury when asked if they desired any instructions on the law, said that they did not. ·

WRIT OF DOWER. At the trial in the Superior Court, before *Lord*, J., the fact of the seisin of Danforth Nichols was admitted, and the only question in dispute was whether Danforth Nichols and the demandant were lawfully married; it being contended by the tenants that the demandant had a husband living at the time of her alleged marriage with Nichols.

The record of the demandant's marriage with Danforth Nichols was duly proved, and was legal in form, and also the fact that she lived with him as his wife most of the time from 1856 to his death in 1871. The tenants introduced a record of a marriage of the demandant with Michael Longinotti in Italy, in 1847, and evidence that he was alive at the time of the trial, not having ever been divorced.

The presiding judge ruled that the burden of proof was on the ·demandant to prove that she was the lawful widow of Danforth Nichols; that the fact of her marriage with Nichols in 1856, though it made a *primâ facie* case for her, yet the burden of proof did not change; and that notwithstanding she went through the legal form of marriage in 1856, the burden still remained on her throughout; although the demandant contended that the burden was on the tenants to prove that the marriage in 1856 was illegal.

After the jury had been out over night, some eighteen hours, they came into court at the request of the judge, and being asked if there was any prospect of their agreeing, the foreman said there was not. They were asked if they desired any instructions upon the law? The foreman said they did not. Thereupon the presiding judge proceeded to review the case and to restate the evidence to the jury at length. The jury, at the request of the

court, then retired to their room, and in a few minutes rendered a verdict for the tenants, and the demandant alleged exceptions.

*C. C. Conant*, (*S. O. Lamb* with him,) for the demandant.

*A. De Wolf*, for the tenants.

GRAY, C. J.   1. The single issue presented by the pleadings was whether the demandant had been lawfully married to Danforth Nichols.   Upon that issue, the burden of proof rested on her throughout the trial.   Evidence that she had gone through the legal form of marriage with him made a *primâ facie* case for her; and so the judge ruled.   But it did not change the burden of proof.   *Powers* v. *Russell*, 13 Pick. 69.   *Delano* v. *Bartlett*, 6 Cush. 364.   *Central Bridge* v. *Butler*, 2 Gray, 130.

2. We can see no foundation for the argument that the action of the presiding judge was compulsory in its nature, and an improper interference with the deliberations of the jury.  The proper mode of communication between the judge and the jury is in open court.   It is within the discretion of the judge to have the jury brought in at any time for the purpose of ascertaining whether they have agreed or desire additional instructions ; and to restate the evidence and the principles of law applicable to it, so far as he considers necessary or fit to assist them in deciding the case, even if they do not request it.   Gen. Sts. *c.* 132, § 34. *Sargent* v. *Roberts*, 1 Pick. 337.   *Commonwealth* v. *Snelling*, 15 Pick. 321.   *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.* 110 Mass. 70.          *Exceptions overruled.*