TENNEY *v.* KNOWLTON & a.

When an unauthorized extension of the time of payment is relied on in defence of an action against the sureties on a promissory note, the burden of proof is on the plaintiff throughout the trial to satisfy the jury that such note is a valid and subsisting obligation.

ASSUMPSIT, on a joint and several note, payable on demand, and signed by the defendants and another.   Plea, the general issue, with a brief statement that the defendants were sureties, and that the

plaintiff, in consideration of $6 paid her by the principal, agreed to extend the time of payment one year without their consent, whereby the defendants were discharged.

The plaintiff admitted that the defendants were sureties on the note, but denied that there was ever any agreement to extend the time of payment. There was no evidence of any demand upon the defendants, or either of them, for payment prior to the date of the writ, October 23, 1878. The date of the note was November 8, 1872, and the time of the alleged agreement for extension May or June, 1874.

The plaintiff requested the court to instruct the jury that, after the production and proof of the note, the burden was upon the defendants to make out the special defence set up in the brief statement; but the court denied the request, and instructed the jury that the burden of proof was on the plaintiff to make out her case, and to show that she was entitled to recover on the note. The plaintiff excepted to the instructions given, and to the refusal to give the instruction requested.

*John Y. Mugridge*, for the plaintiff. The court erred in not instructing the jury, as requested by the plaintiff, as to the burden of proof with reference to the special matter of defence set up by the defendants to the plaintiff's right to recover on her note.

The defendants pleaded the general issue with a brief statement. The general issue put upon the plaintiff the burden of proving her case before the matter in the brief statement came in issue, and there can be no question but that, in the first instance, the burden was upon the plaintiff to make out her case, and to show that she was entitled to recover on her note against the defendants; but having done this, when the defendants sought to meet and avoid their liability by the agreement relied upon and urged in defence, we contend that as to such special defence the burden shifted during the trial, and it became incumbent upon the defendants, under the law, to make out this special defence by proving the agreement. The affirmative of this particular issue raised by the brief statement was asserted by the defendants, and the obligation of proving it was upon them.

We think the rule for which we contend in this case is fully established in this state; in fact, we find no case against it. *Belknap* v. *Wendell*, 21 N. H. 181; *Woodward* v. *Miles*, 24 N. H. 294; *Buzzell* v. *Snell*, 25 N. H. 481; *Benton* v. *Burbank*, 54 N. H. 586; *Lisbon* v. *Lyman*, 49 N. H. 566; *Jewett* v. *Davis*, 6 N. H. 520; *Chesley* v. *Chesley*, 37 N. H. 236; *Doolittle* v. *Lyman*, 44 N. H. 611; *Bump* v. *Smith*, 11 N. H. 50; *Rumney* v. *Keyes*, 7 N. H. 580; *Tebbets* v. *Hapgood*, 34 N. H. 421; *Emerson* v. *White*, 29 N. H. 491.

*Chase & Streeter*, for the defendants.

BLODGETT, J. The substance of the issue between the parties was, whether the plaintiff had, at the date of her writ, an actionable contract against the defendants in the form of a promissory note. For the purpose of maintaining the issue on her part, she produced and proved the note, and thus made out a *prima facie* case, which would have entitled her to a verdict had the defendants offered no evidence. To avoid the effect of the *prima facie* case so made, it was, therefore, incumbent on the defendants to offer some evidence in rebuttal; but it does not follow that the burden of proof was thereby shifted. On the contrary, we think it remained on the plaintiff throughout the trial. In every aspect of the cause, the substantive fact to be proved by her remained the same. She affirmed the validity of the contract: the defendants denied it. That was the vital fact in issue at all stages of the trial, and to it the evidence on both sides was directed, affirmatively or negatively; and as the plaintiff affirmed that the contract was a legal and subsisting liability when the alleged breach occurred, and as he who affirms must prove, she was bound to sustain her affirmation by proof satisfactory to the jury. No form of pleading could effect an actual change of the issue thus made up, nor shift the burden of proof upon it, unless by force of a legal presumption. And so, while the proof of the extension of the time of payment alleged in the brief statement necessarily commenced on the part of the defendants after the production and proof of the note, it was not because the burden of proof had shifted, but because the plaintiff had offered proof sufficient to establish the validity of the contract and its breach, unless it was rebutted by proof of equal or greater weight. This was what the defendants did; but in so doing they did not assume the burden of proof in any just sense, for, to rebut and overcome the *prima facie* case made by the plaintiff, it was not required of them to produce a preponderating weight of evidence, but only enough to balance the scales, because in that event the case would then stand as if no evidence had been given on either side, and consequently the burden resting on the plaintiff at the outset would remain unchanged.

The refusal to give the instruction asked for was, therefore, in our view, correct; and if this be so, the exception to the charge becomes invalid. See, generally, *Kendall* v. *Brownson*, 47 N. H. 196–205, dissenting opinion of *Doe,* J.; *Roberts* v. *Crawford*, 54 N. H. 533, 534; *Delano* v. *Bartlett*, 6 Cush. 367, and cases cited; *Burnham* v. *Allen*, 1 Gray 496, 500, 501; *Central Bridge* v. *Butler*, 2 Gray 132, per *Bigelow,* J.; *Ross* v. *Gerrish*, 8 Allen 147; *Nichols* v. *Munsel*, 115 Mass. 567, 568; Steph. Dig. Ev., art. 95, note 5.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.