Cheshire,
June 4, 1940. } No. 3171.

## PITTSBURGH PLATE GLASS COMPANY

### *v.*

### AMERICAN CRYSTAL, INC. *& a.*

*Frederick W. Mowatt* (of Massachusetts) and *Arthur Olson* (*Mr. Mowatt* orally), for the plaintiff.

*Howard B. Lane,* intervenor (by brief and orally), *pro se.*

MARBLE, J.   Section 5 of chapter 332 of the Public Laws provides that the Register of Deeds shall keep a general index of all real estate attachments and that he shall enter therein at the time he receives a writ or other process the names of the plaintiff and defendant in the action.

It was of course incumbent upon the intervenor to make inquiry concerning the title of the property which he purchased.   This he did by searching the records in the Register's office.   Since no proceedings were then pending to set aside the alleged fraudulent conveyance, neither the name of George Delay nor that of Emma Delay appeared in the index as defendants whose land had been attached. The fraudulent conveyance antedated the bringing of the action at law by more than two years, and the intervenor, who had no actual knowledge of the character of the conveyance and was not negligent for failing to obtain such knowledge, was not bound at his peril to inquire concerning an attachment of Albert Delay's real estate made long after the particular property had ceased to be his.   See *Ashland Savings Bank* v. *Mead,* 63 N. H. 435.

Nor would the result be otherwise if, as the plaintiff contends, it was the duty of the Register under a fair interpretation of the statute to show the existence of the special attachment by listing George Delay's name as a defendant; for if such were the Register's duty, the failure to perform it would be chargeable to the plaintiff rather than to the intervenor. *General Motors &c. Corporation* v. *Company*, 84 N. H. 348.

But the plaintiff argues that knowledge of the situation should nevertheless be imputed to the intervenor because of his connection with the litigation. Two years after the present action at law had been instituted the defendants' attorney withdrew his appearance and the intervenor was employed by the defendants in his stead. The plaintiff contends that the intervenor, as counsel for the defendants, was presumed to know of the "special direction to the officer to make the special attachment."

It is true, as the plaintiff asserts, that the knowledge of an attorney acquired in the course of a transaction in which he is acting for his client is chargeable ordinarily to the client with the same effect as if the client had acquired the knowledge in person. *White* v. *Hildreth*, 13 N. H. 104, 106; *Barry* v. *Bartis*, 85 N. H. 202, 204; *Daniels* v. *Barker*, 89 N. H. 416, 420. But since the relation of attorney and client is governed by the same rules which apply to other agencies (2 Mechem, Agency, (2d *ed.*), s. 2150), it by no means follows that an attorney acting in a matter which involves no disloyalty to his client is bound by the latter's knowledge or is chargeable with notice of particular facts relating to the subject-matter of his employment. And in this connection it should be noted that the action which the intervenor was employed to defend was not brought to determine the title now in controversy but to collect an account for goods sold and delivered and that the trial court has found as a fact that the intervenor was not at fault for failing to discover the special attachment.

In view of the conclusion reached it is unnecessary to consider the intervenor's contention that the plaintiff by failing to supplement the action at law with a bill in equity seeking to set aside the conveyance (see *Wilson* v. *McCarroll*, 80 N. H. 580, 582) has been guilty of laches and is therefore now precluded from obtaining equitable relief.

The question transferred is answered in the affirmative.

*Case discharged.*

All concurred.