Paul CLEMENT and R.E.I.C.O., Inc., formerly known as Clement Enterprises, Inc.

v.

**FOUR NORTH STATE STREET CORPORATION et al.**

Civ. A. No. 73-40.

United States District Court,
D. New Hampshire.

July 3, 1973.

Thomas E. Craig, Craig, Wenners & Craig, Manchester, N. H., for plaintiffs.

Robert D. Branch, Concord, N. H., for defendant, Four North State Street Corp.

Richard Hampe, Merrimack County Atty., Concord, N. H., Roger Burlingame, Asst. Atty. Gen. for the State of New Hampshire, for defendants, Ronald D. Daniels, Jr., Sheriff of Merrimack County, and Kathleen M. Roy, Register of Deeds for Merrimack County.

Before COFFIN, Circuit Judge, and GIGNOUX and BOWNES, District Judges.

## OPINION

BOWNES, District Judge.

This case presents the question of whether the provisions of Chapter 511 [1] of the New Hampshire Revised Statutes Annotated, insofar as they permit the prejudgment attachment of real estate without prior notice and hearing, violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

■ Plaintiff has brought this action under the Civil Rights Act, 42 U.S.C. § 1983, seeking injunctive relief, damages, and declaratory judgment pursuant to 28 U.S.C. § 2201. Jurisdiction is properly invoked under 28 U.S.C. § 1343(3) and § 1331(a).

A Three-Judge Court has been convened pursuant to 28 U.S.C. §§ 2281 and 2284 to consider the plaintiff's challenge to the constitutional validity of the New Hampshire statute. Since the Judges designated to comprise this Three-Judge Court recently decided the same issue with respect to the Maine statute authorizing the prejudgment attachment of real estate,[2] counsel have agreed to waive oral argument and submit the case for determination on the basis of a written stipulation of facts and legal briefs.

All the parties reside or have their principal places of business in New Hampshire. The plaintiff was sued in contract by defendant Four North State Street Corporation in the Merrimack County Superior Court, the writ bearing a $20,000 ad damnum. The Merrimack County Sheriff, at the direction of the attorney for the defendant, attached all of the plaintiff's real estate located in Merrimack County on July 24, 1972, by recording a copy of the writ at the Merrimack County Registry of Deeds. This real estate attachment was made without prior notice to the plaintiff and without prior opportunity for hearing, neither being required under the New Hampshire statutes. The entry date of the writ in the Merrimack County Superior Court was September 5, 1972.

A hearing was held March 1, 1973, on plaintiff's motion to have the real estate attachment released. A temporary restraining order was issued, the effect of which was to subordinate the real estate attachment to a new mortgage to be obtained by the plaintiff from a suitable lending institution for the purpose of refinancing the present outstanding first mortgage.

In Gunter v. Merchants Warren National Bank, Civil Action No. 13–117, 360 F.Supp. 1085 (D.C.Me., decided June 25, 1973), we held that the Maine statute authorizing the prejudgment attachment of real estate without prior notice and hearing violated the Due Process Clause of the Fourteenth Amendment and was hence void and unenforceable. In *Gunter, supra,* we relied heavily on Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and concluded that Maine's prejudgment attachment procedure could not pass constitutional muster since it denied the defendant in the state action any opportunity to be heard and to present any defense he might have to the plaintiff's claim. *See also* Idaho First National Bank v. Estate of Al Rogers, 41 U.S.L.W. 2492 (Idaho D.C. Feb. 21, 1973).

■ The New Hampshire statute, like the deficient Maine statute, permits a

---

1. NH RSA 511:1 provides as follows:
   *Attachable Property.* All property, real and personal, which is liable to be taken in execution, may be attached and holden as security for the judgment the plaintiff may recover.

2. See Gunter v. Merchants Warren National Bank, Civil Action No. 13–117, decided June 25, 1973, 360 F.Supp. 1085 and its companion case, Lake Arrowhead Estates, Inc. and Leisure Living Communities, Inc. v. Cumming, et al., Civil Action No. 14–20, which are attached hereto as an Appendix. These cases contain a more detailed exposition of the case law and legal reasoning on this constitutional issue.

defendant's real estate to be attached without affording notice and an opportunity to be heard. We therefore hold it unconstitutional. We find no significant distinctions between the New Hampshire real estate attachment statute and that considered in *Gunter, supra*. One section of the New Hampshire attachment statute permits a defendant whose interest in real estate is attached on mesne process to petition in writing to the Superior Court to have the attachment released upon the posting of an adequate bond.[3] Another section of the New Hampshire attachment statute permits a defendant, after "an excessive or unreasonable attachment of any kind, by trustee process or otherwise, has been made," to apply to the superior court for its reduction or discharge.[4] But, as either or both of these applications are after the fact, they do not meet the constitutional requirement of a preattachment opportunity to be heard. It is true that, under NH RSA 511:53, the New Hampshire defendant has the benefit of a statutory provision placing the burden of proof upon the party making the attachment "to show that the attachment is not excessive or unreasonable." But the fundamental infirmity remains: the real estate of the defendant is encumbered at the discretion of the plaintiff at least until such time, perhaps many days, weeks or even months later, as the defendant is able to obtain a judicial hearing. The effect of the New Hampshire law is the same as the Maine

law; it authorizes a plaintiff to make an immediate attachment of a defendant's real estate upon the plaintiff's unsubstantiated assertion that he has a claim against the defendant for damages without any notice or opportunity for the defendant to be heard. This impairment of the right of an owner of real estate to have the unrestricted use of his property fails to meet even the minimum demands of due process. *Gunter, supra*; Sniadach v. Family Finance Corp., *supra*; Fuentes v. Shevin, *supra*; Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Schneider v. Margossian, 349 F.Supp. 741 (D.Mass. 1972); McClellan v. Commercial Credit Corp., 350 F.Supp. 1013 (D.R.I.1972), aff'd without opinion sub nom. Georges v. McClellan, 409 U.S. 1120, 93 S.Ct. 935, 35 L.Ed.2d 253 (1973); and Trapper Brown Construction Co., Inc. v. Electromech, Inc., 358 F.Supp. 105 (D.N.H., decided May 14, 1973).

We, accordingly, declare that Chapter 511 of the New Hampshire Revised Statutes Annotated is unconstitutional to the extent that it permits individual litigants to make prejudgment attachments of real estate without first giving the owner of the property reasonable notice and an opportunity to be heard.

We further declare that the real estate attachment in the Merrimack County Superior Court by Four North State Street Corporation is unconstitutional, void, and unenforceable. The defendant Four

---

3. NH RSA 511:48 provides as follows:
   *Petition; Bond.* A defendant whose interest in real estate is attached on mesne process may apply by a petition in writing to the superior court to have the attachment released, and upon reasonable notice to all parties interested, or their attorneys, and hearing, the court may order the petitioner to give bond to the plaintiff, with sufficient sureties, conditioned to pay the judgment which may be recovered by the plaintiff, with his costs on such petition, within sixty days after judgment.

4. NH RSA 511:53 provides as follows:
   *Excessive Attachments.* If an excessive or unreasonable attachment of any

kind, by trustee process or otherwise, has been made on mesne process, the defendant may apply to the superior court to have the amount of the attachment reduced or to have it discharged. Upon such application the party making the attachment shall have the burden of proof to show that the attachment is not excessive or unreasonable. If, on hearing, the court shall find that the attachment is excessive or unreasonable under all the circumstances, it shall order the reduction or discharge of the attachment, as justice may require. The findings and order of the court under this section shall be inadmissible in evidence for any purpose at any other stage of the cause.

North State Street Corporation is ordered to release its real estate attachment of the property of Paul Clement and Clement Enterprises, Inc., forthwith. The temporary restraining order heretofore entered is dissolved.

 Since a retrospective judgment would cast doubt on the validity of all real estate attachments in actions now pending in the New Hampshire courts and would create a cloud on the title to any property hitherto sold pursuant to a real estate attachment, our decree will be prospective only and will have no effect on any attachments, other than the attachment presently before us, which have been made prior to the date of this opinion. *Cf. Gunter, supra*; and Schneider v. Margossian, *supra*, 349 F.Supp. at 745.

The issue of damages is remanded to Judge Bownes for hearing and determination.

So ordered.