Milford District Court
No. 79-194
No. 79-195
No. 79-196

<h1 style="text-align:center">P. J. CURRIER LUMBER COMPANY, INC.</h1>

v.

<h1 style="text-align:center">STONEMILL CONSTRUCTION CORPORATION</h1>

June 12, 1980

*Robert Singer*, of Manchester, for the plaintiff.

*Hamblett & Kerrigan*, of Nashua, and *John V. Dwyer, Jr.*, for intervenors.

BROCK, J. Each of these three cases deals with materialmen's liens under RSA 447:2 that were secured by ex parte petitions to the Milford District Court (*Drescher*, J.), RSA 447:10, on three separate lots of land that were once owned by the defendant, Stonemill Construction Corporation. In each case, the plaintiff sought to secure its lien by attaching the property after the defendant had conveyed title to the lot to another. Because the ex parte petitions made no reference to the new owners, the district court later ruled that the materialmen's liens had not been properly secured as to their properties. The plaintiff excepted to this ruling and the cases were then reserved and transferred to this court where they were submitted on briefs. We affirm.

Plaintiff, P. J. Currier Lumber Company, supplied the defendant with various building supplies during the spring of 1978. At that time the defendant was building homes for future sale on land it owned in Amherst. On August 14, 1978, plaintiff, alleging it was owed money for construction materials used on defendant's lots 33, 35 and 47-7, filed petitions for ex parte attachments on each lot. RSA 447:2 and :10. The only parties named in the petitions were the plaintiff and the defendant.

The district court, unaware that the lots were no longer owned by the defendant, granted the petitions and on August 16, 1978, plaintiff recorded the writs of attachment at the Hillsborough County Registry of Deeds. The writs of attachment, like the ex parte petitions, listed only Stonemill Construction Corporation as the defendant. Each writ did, however, identify the new property owners in the description of the lots to be attached, indicating that the plaintiff had actual knowledge that individuals other than the defendant owned the lots.

Shortly after the writs were recorded, plaintiff had the defendant served with copies of the petitions for ex parte attachment, writs of attachment and writs of summons, pursuant to RSA 511-A:2 and :8. While formal service of process was not made on the new property owners, the plaintiff did mail a copy of the appropriate writ of attachment to each of them. The provisions of RSA 511-A:2, were, however, not complied with by this procedure.

Upon receipt of a copy of the writ of attachment in the mail, one of the new property owners, being understandably confused, retained an attorney. The attorney then filed a motion to intervene and requested that the liens and attachments be declared null and void for failure to name the new property owner as a defendant. After hearing, the district court ruled that "no attachment was

petitioned for nor granted against the [new property owners] and any language in the writ of attachment [recorded in the registry of deeds] . . . which implies the same exceeds the scope of the attachment granted and should be ignored."

■ We uphold the district court's ruling for several reasons. When a party seeking to secure a materialmen's lien against particular real estate has knowledge that the named defendant has no title or interest in the property, it cannot successfully claim that it has obtained a valid lien on that property. *See Hartford Accident and Indemnity Co. v. A.B.C. Cleaning Contractors, Inc.*, 350 F.2d 430 (D.C. Cir. 1965); *see generally, Pittsburgh Plate Glass Co. v. American Crystal, Inc.*, 91 N.H. 102, 13 A.2d 721 (1940).

■■ Further, when the only defendant named in an action to enforce a materialmen's or mechanic's lien has no interest in the property there is nothing on which to base the lien. *Ballard v. Lawyers Title of Arizona*, 27 Ariz. App. 168, 170, 552 P.2d 455, 457 (1976). In this case, the interest in the lots rested solely with the new property owners. Because their interest was in danger of being permanently and adversely affected, they were necessary parties. *See Jones v. Herbert*, 77 N.H. 282, 284, 90 A. 854, 855 (1914). In cases where there has been a change in ownership of the property upon which a materialmen's lien is sought, the new owners are necessary party defendants. *Bain v. Mazel*, 156 So.2d 624, 626 (Ala. 1963).

■ The new owners were not mentioned at all in the ex parte attachment petitions, nor were they made party defendants in any of the writs. Furthermore, the attachment was on "the goods or estate of Stonemill Construction Corp." and not on the goods or estate of the actual property owners. In such cases, the majority rule is that the owner to be named in the claim is the owner of the interest to be charged at the time the lien is filed. 57 C.J.S. *Mechanics' Liens* § 162(b) (1948).

■ If we were to uphold the plaintiff's attachments as being properly secured, the result would be to deprive the landowners of the statutory notice to which they are entitled. While RSA 511-A:8 provides for pre-notice attachment in exceptional circumstances, it does not abrogate the need to conform to the prescribed notice procedures. *See Maine Nat'l Bank v. Baker*, 116 N.H. 185, 186, 355 A.2d 429, 430 (1976). Once the ex parte attachment is granted, the notice requirements of RSA 511-A:2 must be followed, and any

failure to conform with those procedures may invalidate the attachment. *Id.* By giving such notice only to a defendant who has no interest in the property, a plaintiff renders RSA 511-A:2 impotent in its design to provide the owners of the real estate with the detailed notice that the legislature has mandated.

The district court was therefore correct in ruling that the materialmen's liens had not been properly secured on the property of the new owners.

*Plaintiff's exceptions overruled.*

All concurred.