Hillsborough
No. 82-380

Edward Sindt & a.

v.

Paul Gilfoyle

December 27, 1983

*Smith, Currier, Connor, Wilder & Lieberman P.A.*, of Nashua (*Jeffrey A. Zall* on the brief, and *Philip R. Currier* orally), for the plaintiffs.

*Augustine J. McDonough P.A.*, of Manchester (*Mark L. Mallory* on the brief, and *Kenneth G. Bouchard* orally), for the defendant.

PER CURIAM. The plaintiffs alleged a business partnership with the defendant and petitioned the superior court for an accounting in equity and a writ of attachment. On May 12, 1982, the Trial Court (*Goode*, J.) granted the petition for the writ *ex parte*, and on the same day the plaintiffs' attorneys attached the defendant's house. Soon thereafter, the defendant moved to strike the attachment on several grounds. He claimed that it had been improperly granted for reasons that "do not come within the statute." The record does not clearly indicate what he meant by this language, and it will not be considered further. He went on to claim that the attachment could not be justified by a showing of probability of success on the merits, and was unnecessary due to the sufficiency of the defendant's assets.

The Superior Court (*Flynn*, J.) denied the motion, relying on RSA 498:16, which provides that any plaintiff in equity "shall have a writ of attachment . . . as of right." The judge concluded that the statute left him no discretion to vacate the attachment and for that reason declined to receive evidence bearing on the issues of the likelihood of the plaintiffs' success or the sufficiency of the defendant's assets under RSA 511-A:3. The defendant later obtained the attachment's release by posting a $15,000 cash bond. At oral argument, counsel for the defendant represented without objection that the bond was still posted.

■■  At issue here is the superior court's decision not to inquire into the attachment's grounds when the defendant so requested. We conclude that the court erred by disregarding RSA 498:21, which provides:

> "Any lien acquired by proceedings in equity may be released, discharged or modified by the court in such manner and upon such terms as justice may require."

Whatever attachment powers are granted equity plaintiffs by RSA 498:16, RSA 498:21 empowers the court to dissolve or modify improper attachments. We remand so that the defendant may challenge the original attachment's validity.

Our inquiry does not end here, however. In his motion to strike the attachment, the defendant asserted that the plaintiffs had no automatic right to an attachment, notwithstanding the provisions of RSA 498:16. He urges that the plaintiffs were bound to comply with the stringent procedural requirements of RSA chapter 511-A. Because the apparent conflict between the two statutes is likely to arise in future cases, we will consider its resolution at this time.

■  Before 1973, plaintiffs both at law, RSA 511:1, and in equity, RSA 498:16, enjoyed broad power to attach their adversaries' property before judgment, subject only to after-the-fact remedies against unreasonable or excessive attachments provided in RSA 511:53 and RSA 498:21. RSA chapter 511-A, enacted in 1973, grants no substantive right of attachment; rather, it qualifies the rights given plaintiffs in RSA 511:1 and RSA 498:16 by prescribing detailed procedures governing requests for attachments before judgment, both at law and in equity.

■■  Both the plain meaning of the words "as of right" in RSA 498:16 and our historical study of that provision indicate that this language, which first appeared in the Public Statutes of 1891, chapter 205, section 11, purports to give plaintiffs in equity substantially

greater procedural power to attach *ex parte* than does its 1973 counterpart, RSA 511-A:8. Although the 1973 legislation did not alter the language of either RSA 511:1 or RSA 498:16, it necessarily restricted the authority that had been provided by that language, to bring New Hampshire's attachment procedures within constitutional bounds. *See Clement v. Four North State Street Corporation*, 360 F. Supp. 933 (D.N.H. 1973).

To the extent, then, that either RSA 511:1 or RSA 498:16 may be read inconsistently with RSA chapter 511-A, the later statute must control. *See Hampton Nat'l Bank v. Desjardins*, 114 N.H 68, 314 A.2d 654 (1974). Since the language "as of right" in RSA 498:16 may not be given effect either constitutionally or consistently with RSA 511-A:1 and :8, it must be regarded as having been repealed by implication. *See Board of Selectmen v. Planning Bd.*, 118 N.H. 150, 152, 383 A.2d 1122, 1124 (1978).

We remand to the superior court for a hearing to determine if the original attachment in this case is justifiable under RSA chapter 511-A. If the attachment may not properly be continued in effect under the provisions of that chapter, as the defendant contended in his motion to strike, then the defendant's cash bond must be released free of any claims by the plaintiffs.

*Reversed.*

SOUTER, J., did not sit.