Board of Tax and Land Appeals
No. 83-006
No. 83-059

APPEAL OF VILLAGE BANK AND TRUST COMPANY
APPEAL OF THE FAMILY BANK AND TRUST
(New Hampshire Board of Tax and Land Appeals)

February 16, 1984

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, on the brief and orally), for the State.

*Snierson, Chandler & McKean P.A.*, of Laconia (*John P. Chandler* on the brief and orally), for the plaintiff Village Bank and Trust Company.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*William C. Saturley* on the brief and orally), for the plaintiff The Family Bank and Trust.

BATCHELDER, J.   These are appeals, pursuant to RSA 541:6, from rulings of the New Hampshire Board of Tax and Land Appeals (formerly Board of Taxation), denying the plaintiffs a tax abatement. *See* RSA 84:23 (Supp. 1981). Each of the plaintiff banks was assessed by the Department of Revenue Administration (the department) a tax of $5,000 under RSA 84:16-d (Supp. 1983) after its first few months of operation. Both appeals raise the question whether the assessment should have been prorated to reflect only that portion of the year during which the bank was in operation. We hold that the assessment should have been prorated and, therefore, reverse.

The Family Bank and Trust and The Village Bank and Trust Company were both authorized on February 16, 1982, by the bank commissioner to transact business as state-chartered savings banks and trust companies. Each of the plaintiffs opened for business on approximately the same date, with capital stock in the amount of $500,000. *See* RSA 392:25.

As savings banks and trust companies, the plaintiffs became subject to the provisions of RSA chapter 84 pertaining to the taxation of banks. This statute requires such banks to provide reports on or before May first of each year setting forth the amount, as of April first of that year, of:

> "all savings deposits, savings shares, savings share accounts or other similar evidences of savings, on which the [bank] corporation pays interest or dividends, and the amount of all its capital stock or special deposits. . . ."

RSA 84:16-a (Supp. 1983). The information contained in these reports forms the basis for the assessments made by the department

under RSA 84:16-c and :16-d (Supp. 1983). The information relative to interest and dividends becomes the basis for the assessment under RSA 84:16-c (Supp. 1983), while the information on the capital stock and special deposits becomes the basis for the assessment under RSA 84:16-d (Supp. 1983). The assessment under this latter section is computed by the department by taking one percent of the capital stock or special deposits of the corporation as of the previous April first.

The plaintiffs have no quarrel with the assessment levied under RSA 84:16-c (Supp. 1983), for, by its terms, this section calls for a tax that is proportional to the amount of banking business that has been done during the preceding twelve months. However, the plaintiffs assert, RSA 84:16-d (Supp. 1983), as applied by the department, does not result in an assessment proportionately related to the actual value of their franchise since the tax does not reflect the fact that the bank was in operation for only a portion of the year. A bank with the same capital stock as the plaintiffs, but which had been in operation for the full year, would pay the same "additional tax," pursuant to the department's interpretation of RSA 84:16-d (Supp. 1983), as would the plaintiffs. Yet, the plaintiffs point out, they were only in existence six weeks prior to the assessment date.

The plaintiffs claim that the department's interpretation and application of RSA 84:16-d (Supp. 1983) is inconsistent with the statute's terms and, further, that this application to them is constitutionally impermissible because it is not proportional and reasonable. N.H. CONST. pt. II, art. 5. Accordingly, each of the plaintiffs seeks an abatement of the tax ($5,000) assessed against it under this section in the amount of $4,397.26, representing a prorated portion of the tax reflecting that portion of the year during which the bank was not in operation.

The plaintiffs' first argument concerns the construction of the word "annually" found in the statute: "Every such corporation . . . shall in addition pay *at the same time* to said department of revenue administration a further tax equal in amount to one percent *annually* upon its capital stock or special deposits." RSA 84:16-d (Supp. 1983) (emphasis added). The plaintiffs contend that under the department's interpretation the word "annually" is redundant, inasmuch as the word adds nothing to the meaning of the section that has not already been accomplished by the phrase "at the same time." The time referred to in the latter phrase is "the time of filing the reports provided for above," contained in the previous section, RSA 84:16-c (Supp. 1983), which, in turn, refers to the time for filing the reports prescribed by RSA 84:16-a (Supp. 1983) ("on or before May first in each year").

■ The plaintiffs argue that if the word "annually" is not used in order to call for the department to annualize the assessment, the word is rendered superfluous. Such a reading, argue the plaintiffs, offends a fundamental rule of statutory construction: "It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." *State v. Bartley*, 39 Neb. 353, 358, 58 N.W. 172, 174 (1894); 2A SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 46.06 (4th ed. 1973).

■■ We agree with this reasoning, because "[w]e are inclined to believe that the legislature did not so waste its words." *Blue Mountain Forest Ass'n v. Town of Croydon*, 117 N.H. 365, 372, 373 A.2d 1313, 1317 (1977). Accordingly, we conclude that the statute requires the department to annualize the assessment on the plaintiffs' capital stock. The plaintiffs' petitions for tax abatement should, therefore, have been granted.

Having so concluded, we need not address the plaintiffs' second argument that if the statute fails to call for an apportionment of the assessment, it violates the constitutional requirement that all taxes be proportional and reasonable. N.H. CONST. pt. II, art. 5.

*Reversed and remanded.*

All concurred.