Hillsborough
No. 82-527

CHAGNON LUMBER CO., INC.

v.

STONE MILL CONSTRUCTION CORP.
AND JOHN W. AND ANN M. BREITEN

April 19, 1984

*Prunier, Mazerolle & Frasca P.A.*, of Nashua (*Gerald R. Prunier* on the brief and orally), for the plaintiff.

*Hamblett & Kerrigan P.A.*, of Nashua (*John V. Dwyer, Jr.*, on the brief and orally), for the defendants Breiten.

SOUTER, J.   In 1977, the defendant corporation owned land on which its principals intended to build houses. The plaintiff agreed to sell building materials to the corporation on credit, and the corporation built a house with those materials. The defendants John and Ann Breiten agreed to purchase the house and its lot. At the closing,

an officer of the corporation gave the Breitens an affidavit that the corporation had paid for all materials used in the house. The Breitens paid the purchase price and took title. After the closing, but within ninety days of the last delivery of materials for use on the house, the plaintiff petitioned the superior court *ex parte* for permission to attach the property to secure a lien under RSA 447:2 for money owed for materials. The Superior Court (*Contas*, J.) granted the petition, and the plaintiff attached the Breitens' property.

When notified, the Breitens objected. After an evidentiary hearing, the Superior Court (*Pappagianis*, J.) found, *inter alia*, that at the closing the Breitens had no knowledge that any bill for supplies had not been paid, had no actual or constructive knowledge of any lien for materials, and were bona fide purchasers for value. The court nonetheless overruled their objection. The Breitens have appealed on their exception to this order. We reverse.

In the superior court the Breitens objected to the attachment on several grounds. Among them was the claim that the property was immune from attachment to secure the materialman's lien because the Breitens were bona fide purchasers of it for value without notice of the lien. While they thus raised the issue of the bona fide purchaser's rights, it is not apparent that they argued as they did before us, that RSA 511-A:5 supports their position on this issue.

█    While issues on appeal are limited to issues raised in the trial court, *State v. Laliberte*, 124 N.H. 621, 474 A.2d 1025 (1984), we do not restrict a party only to authorities cited at trial. Since we are satisfied that RSA 511-A:5 is dispositive of the case when applied to the facts found by the superior court, we rest our decision on that statute.

█    RSA chapter 511-A was enacted in 1973 to conform the law of this State to standards of due process applied in such cases as *Clement v. Four North State Street Corp.*, 360 F. Supp. 933 (D.N.H. 1973). The statute in its present form is a mixture of substantive and procedural law. Its most obvious feature is its provision for notice and hearing before property interests can be encumbered by a prejudgment attachment. Its most common application is to actions in which the plaintiff claims that the property owner is liable to him in tort or contract. Its applicability has not been limited to such cases, however. By its terms, the new statute applies "[i]n all civil actions, except as otherwise provided in replevin actions. . . ." RSA 511-A:1. Recently, we held that the statute controls applications for attachments in aid of equity, *Sindt v. Gilfoyle*, 124 N.H. 315, 469 A.2d 1334 (1983), and from the moment of its enactment, it has been clear that

the new statute applies to proceedings to secure liens under RSA chapter 447.

This applicability is apparent in the provision of RSA 511-A:8, III for specific exemptions from the requirement of prior notice. RSA 511-A:8, III recognizes that the court may grant an order of attachment *ex parte* "to perfect a labor and materials lien under RSA 447." The enactment of this exemption would have been a waste of legislative words unless the statute generally applied to attachments under RSA chapter 447. *See Appeal of Village Bank and Trust Co.,* 124 N.H. 492, 471 A.2d 1187 (1984). This conclusion was recognized in our holding in *P. J. Currier Lumber Co. v. Stonemill Construction Corp.,* 120 N.H. 399, 415 A.2d 869 (1980).

■ The portion of the statute that controls this case is the provision in RSA 511-A:5 that pre-judgment attachments "shall not be effective against bona fide purchasers for value until attachments of real estate have been recorded in the registry of deeds. . . ." This language must mean that such attachments may never encumber the interest of a bona fide purchaser for value when that interest has been acquired before the recording of the order authorizing the attachment. Any reading of the language that would merely postpone the effectiveness of the attachment to the time of recording would render the statute nugatory, and the following considerations support the straightforward application of the statute to protect purchasers in cases like this one.

■ The provision just quoted was added to RSA 511-A:5 by Laws 1975, 428:1. The same session law enacted RSA 477:3-a. With certain exceptions not relevant here, that statute provides that no "court order or other instrument which affects title to any interest in real estate" shall be effective as against bona fide purchasers for value until recorded "at length" in the appropriate registry of deeds. Laws 1975, 428:3. This provision underscores the protective intent apparent in the quoted portion of RSA 511-A:5.

■ The application of that latter section to RSA chapter 447 proceedings removes an apparent inequity as between construction lenders and purchasers of property. Under RSA 447:12-a, a materialman's lien does not have precedence over the interest of a construction mortgagee who has obtained from the mortgagor "an affidavit that the work on the mortgaged premises for which such disbursement is to be made has been completed and that the subcontractors and suppliers of materials or labor have been paid for their share of such work." If RSA 511-A:5 were not applicable in cases like the present one, the construction lender would be protected while the bona fide purchaser for value would not be.

824

■ Last, we note that there is no conflict between the language of RSA chapter 447 and that of RSA 511-A:5. Indeed, RSA chapter 447 does not expressly deal with the bona fide purchaser for value. Were such a conflict clear, however, the considerations we have mentioned would support the inference of a repeal by implication. *See, e.g., Board of Selectmen v. Planning Board,* 118 N.H. 150, 383 A.2d 1122 (1978); *Sindt v. Gilfoyle supra.*

■ For these reasons, we hold that the plaintiff's materialman's lien may not be secured by attachment of the Breitens' interest, since they were bona fide purchasers of the property for value before the writ of attachment was recorded. In so concluding, we caution that we have not been called upon to determine the minimum qualification of a bona fide purchaser for value. We note only that the record in this case fully supports the trial court's finding of the Breitens' good faith. The evidence is uncontroverted that they obtained an affidavit from the seller that materialmen had been paid. The trial court found that the Breitens had no knowledge that any materialmen had not been paid and had no actual or constructive notice of any lien. Neither these findings nor the trial court's conclusion that the Breitens were bona fide purchasers for value was the subject of exception or appeal.

The case will be remanded to the superior court for entry of an order removing the attachment and dismissing the petition.

*Reversed and remanded.*

All concurred.