Rockingham
No. 86-351

## Topjian Plumbing and Heating, Inc.

v.

## Bruce Topjian, Inc. and Jeffrey Fencer & a.

July 10, 1987

*Francis A. Gaimari*, of Lowell, Massachusetts, by brief for the plaintiff.

*Thomas Morgan*, of Salem, by brief for the defendants Jeffrey and Ann Fencer.

THAYER, J.   The issues presented in this interlocutory appeal concern whether the pre-judgment attachment statute, RSA 511-A:8, requires prior application to the court for an order to attach property to secure a labor and materials lien under RSA chapter 447. For the reasons that follow, we affirm the superior court's dismissal of the attachments as invalid because no application for them was made to the court, and they were therefore not in compliance with RSA 511-A:8.

On November 14, 1985, Topjian Plumbing & Heating, Inc., the plaintiff, sought an attachment to satisfy an anticipated judgment in a contract action against the defendant, Bruce Topjian, Inc., by attempting to perfect a labor and materials lien pursuant to RSA chapter 447 by recording writs of attachment in the form of a *lis pendens* in the Rockingham County Registry of Deeds in accordance with RSA 511-A:8, III. The plaintiff purported to attach the interests of five parcels of land owned by Bruce Topjian, Inc. and one parcel of land owned by Jeffrey and Ann Fencer, grantees of a parcel of land previously owned by Bruce Topjian, Inc. When the plaintiff acted to attach the property of the Fencers and Bruce Topjian, Inc., it did not petition the court for permission to effect the attachments, but merely completed the writ of attachment forms, served them on the Fencers and Bruce Topjian, Inc., and recorded them at the registry of deeds.

The Fencers filed a motion objecting to the attachment on their property and requested a hearing, which was subsequently scheduled for April 14, 1986. Bruce Topjian, Inc. did not appear in the underlying contract action and was defaulted; neither did it object to the attachment or appear at the attachment hearing. The mortgagee of the Bruce Topjian, Inc. parcels of land foreclosed, and on January 23, 1986, conducted a mortgagee's sale, selling the remaining parcels. Russell McLean and John Zirpolo purchased one of these parcels and a week later moved to intervene in this action, challenging the validity and enforceability of the attachment on their property. The plaintiff and the intervenors have since settled, and the attachment on the intervenors' parcel has been discharged.

On April 14, 1986, the Superior Court (*Temple*, J.) heard arguments by counsel, including offers of proof, pertaining to the attachment on the Fencers' property. At this time, the plantiff did not object either to the procedures used by the court or to the defendants' offers of proof. Thereupon, the court invalidated all of the attachments filed by the plaintiff, stating that the "[a]ttachments of November 14, 1985 are ruled to be invalid as not in compliance with RSA 511-A:8, III in that no application for same was made to the Court. *Chagnon Lumber Co. v. Stone Mill Construction Corp.*, 124 N.H. 820, 823 [sic]. Attachments are ordered discharged."

The plaintiff brought this interlocutory appeal, arguing on appeal that the court erred: (1) in dismissing the attachments because of the plaintiff's non-compliance with RSA 511-A:8, III; (2) in invalidating the attachments against purchasers of property not parties to the present action; and (3) in discharging the attachment on the Fencers' property when no testimony was presented to the effect that the Fencers were bona fide purchasers for value without notice, but only statements made by attorneys, without objection. The Fencers counter that the court properly dismissed the attachment, which the plaintiff attempts to characterize as a *lis pendens*, because the plaintiff failed to apply to the court for the attachment pursuant to RSA 511-A:8, and because the Fencers were bona fide purchasers for value without notice.

The superior court invalidated the plaintiff's attachments because of the plaintiff's failure to petition the court for permission to attach the property prior to serving the attachments on the defendants and recording them at the registry of deeds. RSA 511-A:8 clearly requires that application must be made to the court for an order authorizing an *ex parte* pre-judgment attachment, "[t]he purpose of [which] is to obtain security for the payment of a plaintiff's judgment should [plaintiff] prevail." R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 566, at 327 (1984). RSA 511-A:8 states in pertinent part that:

> "Upon application to the court, in exceptional circumstances, an attachment may be ordered in advance of notice to the defendant if the plaintiff establishes probable cause to the satisfaction of the court of [a] basic right to recovery and the amount thereof . . . ."

■ RSA 511-A:8, III permits the filing of a writ in the form of a *lis pendens* without prior court application or approval and states in pertinent part that:

> "III. In . . . cases . . . to perfect a labor and materials lien under RSA 447, a writ of attachment may be filed at a registry of deeds without prior application and notice, provided said writ is in the form of a lis pendens and specifically restricts its application to the particular real estate described ⌐in the writ and the return of attachment."

RSA 511-A:8, III deals with an attachment in the form of a *lis pendens*, "[a] pending suit," BLACK'S LAW DICTIONARY 840 (5th ed. 1979), whose purpose "is to give notice to third parties that any interest they may acquire in the property is subject to the outcome of litigation . . . . Lis pendens cannot be used to attempt to gain a priority in bankruptcy nor to aid in the satisfaction of a possible money judgment." *Press v. McNeal*, 568 F. Supp. 256, 260 (E.D. Pa. 1983) (citation omitted). In other words, recording a *lis pendens* gives notice but does not create an attachment or perfect a lien.

The plaintiff in this case attempted to obtain a priority position in distribution of the defendant Bruce Topjian, Inc.'s remaining funds and to aid in the satisfaction of an anticipated money judgment by attaching, *ex parte*, a lien on the defendants' property pursuant to RSA 511-A:8. In spite of its efforts to comply with RSA 511-A:8, the plaintiff neglected to apply to the court for prior approval of the attachments before serving them on the defendants and recording them at the registry of deeds.

■■ In 1984, this court, interpreting RSA chapter 511-A, determined that the standard requirements of due process, such as notice and hearing, must be adhered to before property interests can be encumbered by a pre-judgment attachment. *Chagnon Lumber Co. v. Stone Mill Const. Corp.*, 124 N.H. 820, 822, 474 A.2d 588, 589 (1984). *Chagnon* suggests that the proper procedure for obtaining an *ex parte* attachment is for the plaintiff to petition the court for permission to obtain an *ex parte* attachment order before serving the attachment on the defendant and recording it at the registry of deeds. *See id.* at 822, 474 A.2d at 589. "RSA 511-A:8, III recognizes that *the court* may grant an order of attachment *ex parte* 'to perfect a labor and materials lien under RSA chapter 447.'" *Id.* at 823, 474 A.2d at 589 (emphasis added); *see also P. J. Currier Lumber Co. v. Stonemill Const. Corp.*, 120 N.H. 399, 401–

02, 415 A.2d 869, 871 (1980) (once *ex parte* attachment is granted by the court, notice requirements must be met); *Maine Nat'l Bank v. Baker*, 116 N.H. 185, 186, 355 A.2d 429, 429–30 (1976) (petition for *ex parte* attachment granted).

■ Furthermore, the Superior Court Rules pertaining to *ex parte* pre-judgment attachments require plaintiffs to petition the court for permission to attach the property prior to service or entry of any writ of summons or other pleading. SUPER. CT. RS., RULES AND PROCEDURES TO IMPLEMENT ATTACHMENT LAW (RSA ch. 511-A), Ex Parte Attachment.

Thus, in this case, although the plaintiff attempted to attach the defendants' property pursuant to RSA 511-A:8, it only succeeded, at best, in burdening the property to the extent that it gave notice of a *lis pendens* pursuant to RSA 511-A:8, III. In defense of its error, the plaintiff attempts to transform RSA 511-A:8, III into an *ex parte* attachment provision not requiring prior court application or approval by employing the concepts of attachment of a lien under RSA 511-A:8 and attachment of a *lis pendens* under RSA 511-A:8, III, interchangeably. As authority for this proposition, the plaintiff cites the appellate court decisions of other States which permit mechanic's lien attachments without prior judicial approval. This premise is without merit in light of the preamble paragraph of RSA 511-A:8, case law interpreting RSA chapter 511-A, and the Superior Court Rules pertaining to *ex parte* attachments.

■■ We note that the superior court invalidated the plaintiff's attachments because they did not comply with the requirements of "RSA 511-A:8, *III*." (Emphasis supplied.) Although the court properly invalidated the attachments because the plaintiff had not petitioned the court for permission to attach, it did so on mistaken grounds when, in support of its order discharging the attachments, it cited RSA 511-A:8, III, instead of RSA 511-A:8. "[T]his court will sustain the [lower court's] decision if there are valid alternative grounds to support it." *Lemay v. Rouse*, 122 N.H. 349, 352, 444 A.2d 553, 555 (1982); *Slater v. Planning Board of Town of Rumney*, 121 N.H. 212, 216, 427 A.2d 511, 513 (1981). Thus, regardless of authority cited by the superior court, reversal is not necessary because the court reached the correct result. *See Lemay v. Rouse supra.*

■ The plaintiff further contends that the court erred in ruling that the attachments on the parcels of real estate, other than those purchased by the Fencers, Bruce Topjian, Inc., or the intervenors,

were invalid because none of the purchasers of the remaining parcels have objected to the attachments or intervened in this action. The plaintiff would have us ignore the invalidity of the attachments solely because the remaining parcel holders were not parties to this action. We decline to do so. The superior court ruled, as a matter of law, that the attachments recorded on November 14, 1985, were invalid as filed. The court's ruling therefore applies to all attachments recorded by the plaintiff on that date, and pertaining to the subject matter of this appeal.

Finally, the plaintiff argues that the superior court erred in discharging the attachments after an offer of proof hearing in which counsel merely presented statements and arguments, and not testimony or affidavits, to the effect that the Fencers were bona fide purchasers for value without notice. As the plaintiff admits in its brief, no objection was made to the evidence proffered by defendants' counsel or to the proceedings themselves. We need not consider an issue on appeal that has not been raised below. *State v. Laliberte*, 124 N.H. 621, 621, 474 A.2d 1025, 1025 (1984). Moreover, the attachments have been found invalid, due to lack of prior judicial approval, and we therefore need not reach the issue of the Fencers' status as bona fide purchasers.

*Affirmed.*

All concurred.