Rockingham
No. 95-155

ROBERT J. THOMAS

v.

GEORGE R. FINGER & a.

June 11, 1996

*Gerald F. Giles*, of Portsmouth, by brief for the plaintiff.

*Pinard Law Offices*, of Bedford, for defendants George R. and Priscilla A. Finger, filed no brief.

*Carrel Law Offices*, of Goffstown (*Laura J. Brevitz* on the brief and orally), for defendants Janice R. Halle and Mark O. Rene.

JOHNSON, J. The plaintiff, Robert J. Thomas, appeals the Superior Court's (*Coffey*, J.) order denying his motion for an evidentiary hearing to determine whether the defendants, George R. and Priscilla A. Finger, Janice R. Halle, and Mark O. Rene, are bona fide purchasers for value (BFPs) for purposes of maintaining the plaintiff's *ex parte* attachments on their real estate. We reverse and remand.

The plaintiff dug a well on each of two parcels of land owned by a developer. The developer built houses on the land and sold one parcel to defendants George R. and Priscilla A. Finger and the other to defendants Janice R. Halle and Mark O. Rene. Thereafter, the plaintiff successfully petitioned the superior court for *ex parte* attachments on the properties to perfect his statutory lien for labor and materials. *See* RSA 447:2 (1991); *Chagnon Lumber Co. v. Stone Mill Const. Corp.*, 124 N.H. 820, 823, 474 A.2d 588, 589–90 (1984). Both the Fingers and Halle and Rene moved to vacate the attachments, arguing in part that they were BFPs when they bought their

properties from the developer. *See* RSA 511-A:5 (1983); *Chagnon Lumber Co.*, 124 N.H. at 823, 474 A.2d at 590.

The Fingers included three documents with their motion. The first is the settlement statement from the purchase of their property from the developer. Under the heading, "Reductions in Amount Due to Seller," the statement lists approximately $34,000 in payments to be made to building subcontractors from the developer's closing proceeds. The second document is an affidavit of the developer. It states:

> [S]aid Premises were fully completed, or any work which was done on said Premises were [*sic*] fully completed, more than One Hundred Twenty (120) days prior to the date hereof and . . . all bills for labor and materials incurred in construction thereof have been fully paid and satisfied . . . . [T]here are no outstanding claims, bills or liens of any kind or character against said Premises for labor performed thereon or materials furnished thereto.

The third document is the Fingers' affidavit, in which they deny having any notice of a claim by the plaintiff against their property until this litigation commenced.

After hearing the parties' offers of proof, the superior court granted the defendants' motions to vacate the attachments. The plaintiff moved for reconsideration, arguing that the court should have held an evidentiary hearing. The defendants objected. At the non-evidentiary hearing on the plaintiff's reconsideration motion, Halle and Rene submitted their own settlement statement to the court, as well as a letter from the developer to a title insurance company concerning their property. Like the Fingers' settlement statement, the Halle and Rene statement indicated large payments to building subcontractors from the developer's closing proceeds. The letter states: "We have no knowledge of any work having been done to the premises that would entitle anyone now or hereafter to claim a mechanic's or materialm[a]n's lien on the premises . . . ."

The court denied the plaintiff's motion for reconsideration. It found that the defendants were BFPs and ruled: "Based upon the affidavits, offers of proof, and lack of any indicia of notice of claims, an evidentiary hearing on the defendants' good faith is unnecessary." The plaintiff appealed, arguing that the superior court should have held an evidentiary hearing before determining the defendants' BFP status.

■■ We first consider the appropriate standard of review. No court rule compels the superior court to hold an evidentiary hearing

on a motion, *cf. State v. Roy*, 138 N.H. 97, 98, 635 A.2d 486, 486–87 (1993) (interpreting Superior Court Rule 58), and no statute would require one in this case. Although RSA 511-A:8 (1983), for example, grants a defendant the right to "a hearing" following an *ex parte* attachment, it does not specify the type of hearing provided. Nor have we ever mandated an evidentiary hearing in this context. *But cf. State v. Zorzy*, 136 N.H. 710, 714–15, 622 A.2d 1217, 1219–20 (1993) (trial court must *sua sponte* order evidentiary hearing whenever legitimate doubt arises about defendant's competency to stand trial). In *Chagnon Lumber Co.*, 124 N.H. at 822, 824, 474 A.2d at 589, 590, the superior court held an evidentiary hearing before making a BFP finding, but we expressed no opinion on its desirability or necessity. We hold, therefore, that the superior court's decision in this case was a discretionary one, *Roy*, 138 N.H. at 98, 635 A.2d at 487, and we review it for abuse of that discretion.

The plaintiff could not maintain his *ex parte* attachments on the defendants' properties if the defendants were, in fact, BFPs. *See* RSA 511-A:5; *Chagnon Lumber Co.*, 124 N.H. at 823, 474 A.2d at 590. The defendants bore the burden of proving that the *ex parte* attachments on their property should be vacated. *See* 4 R. WIEBUSCH, New Hampshire Practice, Civil Practice and Procedure § 578, at 341 (1984). Consequently, they also bore the burden of proving their alleged BFP status. We must assess the parties' offers of proof in light of this burden. *Cf. Happy House Amusement v. N.H. Ins. Co.*, 135 N.H. 719, 722–23, 609 A.2d 1231, 1233 (1992).

"A bona fide purchaser for value is one who acquires title to property for value, in good faith, and without notice of competing claims or interests in the property." *Hawthorne Trust v. Maine Savings Bank*, 136 N.H. 533, 537, 618 A.2d 828, 831 (1992). Citing the affidavits and other documents described above, the defendants argued before the superior court that they had no actual or constructive notice of the plaintiff's claims. In particular, the defendants referred to the developer's avowals that there were no liens on the properties for labor and materials.

If the defendants relied on the developer's assertions, and if this reliance was reasonable and they had no other actual or constructive notice, we would agree with the superior court that they met their burden of proving lack of constructive notice of the plaintiff's claim. *See Chagnon Lumber Co.*, 124 N.H. at 824, 474 A.2d at 590. The plaintiff, however, persuasively attacked the affidavits' accuracy, thus raising concerns about the defendants' reliance upon them. *Cf. In re Mosello*, 190 B.R. 165, 170 (Bankr. S.D.N.Y. 1995) (internally inconsistent document requires further inquiry to justify good faith

reliance for purposes of obtaining BFP status), *aff'd*, 193 B.R. 147 (S.D.N.Y. 1996).

For example, the plaintiff pointed out that the developer's affidavit regarding the Fingers' property falsely states that "said Premises were fully completed, or any work which was done on said Premises were [*sic*] fully completed, more than One Hundred Twenty (120) days prior to the date hereof." The Fingers admitted knowing that their house was built during that 120-day period. Their knowledge renders suspect their reliance on other portions of the affidavit.

Similarly, the developer's letter to the title insurance company regarding the Halle and Rene property appears inaccurate on its face. Although the property was a new construction, the letter disclaims any "knowledge of any work having been done to the premises that would entitle anyone now or hereafter to claim a mechanic's or materialm[a]n's lien on the premises." This disclaimer contains no condition concerning payment of subcontractors. Thus, Halle's and Rene's reliance on this letter to prove lack of constructive notice may have been unreasonable.

■■ The defendants bore the burden of proving their alleged BFP status. The plaintiff offered legitimate grounds for contesting the defendants' offers of proof, and we hold that these grounds warranted an evidentiary hearing prior to any resolution of the issue. *Cf. Tenney v. Knowlton*, 60 N.H. 572, 574 (1881) (in the absence of legal presumption, burden of proof remains on same party throughout trial even after that party establishes prima facie case). Given the concerns raised by the plaintiff, it would be unfair to rule against him without affording him the opportunity to cross-examine the defendants about the documents they rely upon to establish BFP status. *Cf. State v. Poulicakos*, 131 N.H. 709, 712, 559 A.2d 1341, 1343 (1989) (if defendant successfully raises questions about accuracy of State's proffer at pretrial detention hearing, State must present supporting witnesses for cross-examination). The superior court abused its discretion in denying the plaintiff's request for an evidentiary hearing.

*Reversed and remanded.*

All concurred.