**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0343, <u>Barry Norcross v. Robert Fahey</u>, the court on January 13, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Robert Fahey, appeals an order of the Superior Court (<u>Ignatius</u>, J.) denying his motion to discharge an <u>ex parte</u> attachment, <u>see</u> RSA 511-A:8 (2010), perfecting a mechanic's lien in favor of the plaintiff, Barry Norcross, <u>see</u> RSA 447:10 (2002). The defendant contends that the trial court erred because: (1) the plaintiff did not bring an action on the underlying debt; and (2) he was given insufficient notice after the attachment was issued, <u>see</u> RSA 511-A:2 (Supp. 2016). We review the trial court's application of law to facts <u>de novo</u> and defer to its findings of fact when they are supported by evidence in the record. <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 33 (2007).

We first address whether the trial court erred by not discharging the attachment because the plaintiff did not bring an action on the underlying debt. The defendant argues that the fact that RSA 511-A:1 (Supp. 2016) and RSA 511-A:2 (Supp. 2016) explicitly apply to "civil actions" "suggest[s] that a 'pre-judgment attachment' is not a separate cause of action, but a remedy within a civil action." He further notes that both statutes refer to "pre-judgment attachments" and argues that "if there is no civil action seeking a judgment[,] it is unclear how there could be a 'pre-judgment' attachment." (Bolding and underlining omitted.) We disagree.

RSA 511-A:8, III authorizes an <u>ex parte</u> attachment to perfect a labor and materials lien under RSA 447:10. <u>Chagnon Lumber Co. v. Stone Mill Const. Corp.</u>, 124 N.H. 820, 823 (1984). RSA chapter 511-A was enacted to conform New Hampshire law to standards of due process. <u>Id.</u> at 822. A party seeking to perfect such a lien is "not statutorily required to institute a suit for damages . . . on the same writ that was used to perfect the materialman's lien." <u>Pine Gravel, Inc. v. Cianchette d/b/a Site Prep.</u>, 128 N.H. 460, 465 (1986). "The attachment securing the lien serves a narrower purpose than the action for damages . . . ." <u>Id.</u>; <u>see</u> <u>also</u> 4 R. Wiebusch, <u>New Hampshire Practice: Civil Practice and Procedure</u> § 17.05 n.11 (4th ed. 2014). We reject the defendant's contention that our construction of RSA 511-A:8 was mere dicta. Thus, although RSA chapter 511-A allows a party to seek a pre-judgment attachment when filing an action on an underlying debt, nothing in the statute requires the party to file the

underlying action before perfecting a mechanic's lien pursuant to RSA 511-A:8. See Pine Gravel, 128 N.H. at 465.

The defendant argues that Superior Court Rule 47(b)(6) (effective October 1, 2013), which provides that, after an ex parte attachment is granted, "[t]he Writ of Attachment, Complaint, and Summons" must be served upon the defendant, precludes perfecting a mechanic's lien without bringing an underlying action. However, we note that, prior to the adoption of Rule 47(b)(6), the superior court rules included a similar requirement—the service of "[t]he writs of attachment and summons" upon the defendant after an ex parte attachment was granted. Super. Ct. R., Rules and Procedures to Implement Attachment Law (RSA ch. 511-A) – Ex Parte Attachment R. 6 (enacted 1999). To the extent that the defendant contends that Rule 47(b)(6) altered the procedure for perfecting a mechanic's lien, we disagree.

The defendant further argues that, without an action on the debt, "there is no mechanism for an attached defendant to fully attack whether the underlying debt exists or is defensible." However, he does not explain why such defenses could not be raised in a motion to discharge the attachment. See RSA 511-A:8, V (requiring prompt hearing upon defendant's request following ex parte attachment); RSA 511:53 (2010) (authorizing defendant to apply to superior court to have excessive or unreasonable attachment reduced or discharged).

We next address whether the trial court erred by not discharging the attachment because the defendant was not given adequate notice after it was imposed. Once an ex parte attachment is granted, the notice requirements of RSA 511-A:2 must be followed, and any failure to conform with those procedures may invalidate the attachment. P. J. Currier Lumber Co. v. Stonemill Const. Corp., 120 N.H. 399, 401-02 (1980). When, unlike here, the issue is the sufficiency of the writ of attachment, failure to comply with the specific statutory provisions for perfecting a mechanic's lien is usually fatal. Alex Builders v. Danley, 161 N.H. 19, 23 (2010).

The defendant argues that the writ of attachment with which he was served was not printed on the form issued by the trial court and did not inform him of his right to object to the attachment and to a hearing. He contends that Superior Court Rule 47(b)(1)'s provision that a motion for ex parte attachment shall be "accompanied with the Notice to defendant and Order form" requires the use of the specific form provided by the trial court. However, he does not cite, nor are we aware of, any authority for the proposition that failure to use the specific form provided by the trial court, alone, is fatal to the attachment. Nor does he show how he was prejudiced by the plaintiff's failure to include the statutory notice language on the writ of attachment with which he was served. Indeed, the defendant moved to discharge the attachment, to which the plaintiff objected, and the trial court held a hearing on his motion. We note that he has

2

not provided a transcript of that hearing.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

Finally, to the extent that the defendant argues that "a deviation from the standards . . . as to notice provisions[ ] likely implicates due process concerns," he does not develop his constitutional argument.  Accordingly, we do not address it.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**